IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALBERT J. DAVIS, #2048157, § | |
| Plaintiff, § | |
| § | |
| v.  § | Civil Case No. 3:15-CV-3396-K-BK |
| § | |
| LUPE VALDEZ, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On October 21, 2015, Plaintiff filed a *pro se* complaint against Dallas County Sheriff Lupe Valdez, Parkland Hospital, the State of Texas, and the Dallas County Jail for constitutional violations stemming from his confinement in the Dallas County Jail infirmary. Doc. 3 at 1-3. Doc. 3 at 3. As a result of his indefinite assignment to the infirmary due to his oxygen needs, Plaintiff asserts Defendants denied him access to the law library, indigent supplies, commissary, religious and educational services, and "even sunlight." Doc. 3 at 4. He states that he did not "know if its [sic] night or day," and that he could not "even try to defend [his] case." *Id.* Plaintiff also claims that he feared retaliation for filing grievances and this law suit. Doc. 3 at 1. He references a shake down on October 7, 2015, which resulted in the removal of his religious books and playing cards – his only source of recreation in the infirmary. Doc. 3 at 6. Plaintiff

requests punitive damages and injunctive relief, the latter to provide him "[t]he same treatment as all inmates," including "commissary, law library, sun light, etc." Doc. 3 at 4.

Although Plaintiff repeatedly moved to amend the complaint throughout the pendency of this case, Doc. 10; Doc. 11; Doc. 12; Doc. 19, he twice failed to comply with the Court's order to file a motion to amend that included his proposed amended complaint. Doc. 16; Doc. 20. Moreover, as noted in the notice of address change filed by Plaintiff's father, Plaintiff is now incarcerated in the Texas Department of Criminal Justice (TDCJ). Doc. 23.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are frivolous.

Eleventh Amendment immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*,

491 U.S. 58, 69-71 (1989) (States are not persons subject to suit under section 1983 because of the Eleventh Amendment). Therefore, Plaintiff cannot sue the State of Texas for monetary damages or injunctive relief under section 1983. Moreover, Plaintiff's transfer to the Texas Department of Criminal Justice renders his request for injunctive relief against the remaining Defendants moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (prisoner's transfer rendered moot his claim for declaratory and injunctive relief).

Additionally, Plaintiff fails to raise a cognizable claim of denial of access to the courts or the law library. When a criminal defendant is represented by counsel, he has no constitutional right of access to the courts or the law library in connection with his criminal proceedings. *See Haley v. Natchitoches Par. Det. Ctr.*, 602 Fed. App'x 1008, 1009 (5th Cir. 2015) (*per curiam*) (citing *Tarter v. Hury,* 646 F.2d 1010, 1014 (5th Cir. 1981) (a criminal defendant's right of access to the courts is not infringed if he is represented by counsel); *Caraballo v. Fed. Bureau of Prisons,* 124 Fed. App'x 284, 285 (5th Cir. 2005) (*per curiam*) (inmate who was represented by court-appointed counsel had no constitutional right of access to law library in preparing his defense). Plaintiff was represented by appointed counsel in the state criminal cases pending against him while he was incarcerated at the Dallas County Jail. *See State v. Davis*, Nos. F15-23791 & F15-23792, *Apr. 27, 2015 Order Appointing Counsel* and *Nov. 12, 2015 Judgment* (Criminal District Court No. 1, Dallas County, 2015).[1]

Nor can Plaintiff raise any other claim of denial of access to the courts. While prisoners have a fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-3(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their

---

[1] The docket sheets are available at http://courtecom.dallascounty.org/pav/.

convictions or conditions of confinement.'" *Johnson v. Rodriguez,* 110 F.3d 299, 310-311 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement. Indeed, he successfully prepared and mailed to the Court the complaint in this case, which challenges at least in part the conditions of his confinement at the Dallas County Jail. He also does not allege that his position as a litigant was prejudiced in any way during his detention at the Dallas County Jail. *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

That notwithstanding, Plaintiff's claims concerning the conditions of his confinement lack a legal basis. While the Constitution does not permit penal institutions to be "inhumane," it does not require that they be comfortable. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). Thus, subjecting inmates to "restrictive and even harsh" conditions does not implicate the Constitution. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). Plaintiff presents several allegations concerning the conditions he encountered while confined in the infirmary, such as denial of access to the commissary, indigent supplies, religious and educational services, and sun light. Such allegations, even if true, do not demonstrate that the conditions were inhumane. *Rhodes,* 452 U.S. at 347.

Moreover, Plaintiff does not claim that he suffered an objectively, sufficiently serious injury, and that prison officials inflicted the injury with deliberate indifference. *Farmer*, 511 U.S. at 834; *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 648-649 (5th Cir.1996) (applying *Farmer* standard for convicted inmates to a pretrial detainee's episodic act claim). An objectively, sufficiently serious injury is one that denies the detainee "'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at 834 (quoting *Rhodes,* 452 U.S. at 347).

Likewise, to the extent Plaintiff alleges retaliation, his pleadings fail to raise a plausible claim. Doc. 3 at 6. Plaintiff has not alleged any facts which, if true, would prove causation and any adverse consequences as a result of the alleged retaliation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (to state a claim of retaliation, a prisoner must allege 1) a specific constitutional right; 2) a defendant's intent to retaliate against the plaintiff for exercising that right; 3) a retaliatory adverse act; and 4) causation). Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997) (quotations and quoted case omitted). "This places a significant burden on the inmate" (*Woods*, 60 F.3d at 1166), who "must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir.1999) ("The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'") (quoted case omitted).

Lastly, even assuming Plaintiff could allege sufficient facts establishing a constitutional violation, he cannot sue Sheriff Valdez in her official capacity and Parkland Hospital, a local government entity,[2] under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).

---

[2] *See Beamon v. Parkland Hospital*, No. 3:08-CV-0693-D, 2008 WL 4061417, at *2 n.1 (N.D. Tex. Aug. 20, 2008) (the Dallas County Hospital District, doing business as Parkland Health and Hospital System, is a political subdivision of the State of Texas).

A claim against Sheriff Valdez in her official capacity is treated as a claim against the municipal entity that she represents, namely Dallas County.  *See Brooks v. George County, Mississippi*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21, 23-27 (1992)). In addition, Plaintiff may not bring a civil rights action against a servient political agency or department, such as the Dallas County Jail, unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").[3]  Dallas County may be held liable, however, only upon a showing that an official policy or custom caused the alleged constitutional deprivation.  *See Monell*, 436 U.S. at 690-691. The same standard applies to claims against Parkland Hospital.  *See Williams v. Parkland Health and Hosp. System*, 3:12-CV-0926-N-BK, 2012 WL 3627592 at * 2 (N.D. Tex. Jul. 18, 2012) (applying *Monell* to civil rights claim against Parkland Hospital), recommendation accepted, 2012 WL 3636870 (N.D. Tex. Aug. 23, 2012).  Here, Plaintiff has failed to allege an official policy or practice resulting in the deprivation of her constitutional rights.

Plaintiff's complaint lacks a legal basis and should be summarily dismissed as frivolous.

---

[3] Ordinarily *pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action.  *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993).  In this instance, Plaintiff will have an opportunity to respond and name any additional defendant during the 14-day period for filing objections to the findings, conclusions, and recommendation, as set out below.  *Id.* (noting that magistrate judge's report and recommendation is sufficient to the *pro se* plaintiff of the deficiency).

In addition, even if Plaintiff had sued Sheriff Valdez in her individual capacity, Plaintiff's complaint does not allege any direct involvement on her part.  *See Iqbal*, 556 U.S. at 676 (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).  Indeed, the complaint does not assert that Valdez personally participated or authorized others to act or fail to act with respect to any of the alleged violations.

### III. CLASS ACTION

Insofar as Plaintiff intended to file a class action, his one-line request on the first page of the complaint does not comply with Local Rule 23.1 and 23.2, which address the institution of class actions.  Doc. 3 at 1.  In any event, it is not appropriate to allow *pro se* litigants to serve as class representatives "because the competence of a layman is clearly too limited to allow him to risk the rights of others."  *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted) ("Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class.  A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

### IV. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009).  Here, even taking Plaintiff's factual assertions as true, his claims are fatally infirm as a matter of law for the reasons discussed.  Plaintiff twice filed motions for leave to amend, but did not comply with the Court's subsequent orders to submit his proposed amended complaint with his motion for leave to amend.  Based on these circumstances, the Court concludes that granting leave to amend would be futile and cause needless delay.

### V. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C.

§ 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

SIGNED April 21, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."